# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**FREDERICK FOXWORTH**

**08-CV-60932-Hurley-Hopkins**

    **Plaintiff,**

                                 **Judge:**

    **v.**

                                 **Case no:**

**MIDLAND CREDIT MANAGEMENT, INC.;**
**NCO FINANCIAL SERVICES, INC.**

    **Defendants**

FILED by _VT_ D.C.
ELECTRONIC

**June 18, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT
### (& Jury Demand)

      Comes now, the plaintiff, **Frederick Foxworth,** (hereinafter referred to as "**the Plaintiff**"), on behalf of himself and by and through undersigned counsel, who files this original complaint against the Defendants, Midland Credit Management, Inc. (hereinafter referred to as **"MCM"**), and NCO Financial Services, Inc. (hereinafter referred to as "**NCO**"), and in support thereof would state the following:

## JURISDICTION AND VENUE

1.    This is an action for damages brought by an individual consumer against the named defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., as amended (hereinafter

1

referred to as the "**FCRA**"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter referred to as the "**FDCPA**").

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, and 15 U.S.C. §1692k(d).

3. The Defendant **MCM** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. Additionally, **MCM** is a "debt collector" as defined by the FDCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

4. The Defendant **NCO** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. **NCO** is also a "furnisher of information" as stated in 15 U.S.C. §1681 et seq., as amended. Additionally, **NCO** is a "debt collector" as defined by the FDCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

## VENUE

5.    The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

2

a. The violations of the FCRA and FDCPA alleged below occurred and/or were committed in **Broward County,** State of Florida within the Southern District of Florida;

b. At all times material hereto, the Defendants, were and continue to be corporations engaged in business activities in Broward County, Florida and as such are citizens of the State of Florida.

6. The plaintiff, is an individual residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692 et seq.

## **FACTS COMMON TO ALL COUNTS**

7. Plaintiff is an "individual consumer" as defined by the FCRA and is alleged to have incurred debts with First National Bank, First Savings Bank, and Medical College of PA Hospital.

8. The Defendant **MCM** is an assignee of both First National Bank and First Savings Bank and has been reporting alleged outstanding debts in the amounts of $565.00 and $425.00, respectively (See attached Exhibit A).

9. The Defendant **NCO** is an assignee of Medical College of PA Hospital and has been reporting an alleged outstanding debt in the amount of $4,017.00 (See attached Exhibit A).

3

10.     On or about August 9, 2007, Plaintiff sent a validation letter to Defendant **MCM** which included appropriate personal identification, and which disputed the Defendant **MCM** account numbers 8521866937 and 8522137192 as being inaccurate (See attached Exhibit B).

11.     On or about August 9, 2007, Plaintiff sent a validation letter to Defendant **NCO** which included appropriate personal identification, and which disputed the Defendant **NCO** account number 211922 as being inaccurate (See attached Exhibit C).

12.     On or about August 9, 2007, Plaintiff sent dispute letters to Experian, Equifax, and Trans Union which included appropriate personal identification, and which disputed the status of the Defendants **MCM** and **NCO** accounts as being inaccurate and in dispute, including failure of Defendant **NCO** to include the month and year of the commencement of Plaintiff's alleged delinquency as required by §1681s-1(a)(5)(See attached Exhibit D).

13.     Based on the results of the reinvestigation undertaken by Experian, Equifax, and Trans Union, Defendant **MCM** has failed to accurately and completely modify and/or update the information of the accounts in question. **MCM** specifically failed to communicate to the credit reporting agencies that the debt was disputed by the consumer as required by §1692e(8).

4

14.   Based on the results of the reinvestigation undertaken by Experian, Equifax, and Trans Union, Defendant **NCO** failed to accurately and completely modify and/or update the information of the accounts in question.   **NCO** has specifically failed to communicate to the credit reporting agencies that the debt was disputed by the consumer as required by §1692e(8).

15.   Upon information and belief, **NCO** has also failed to include the accurate date of delinquency on the account number 21192 as required by §1681s-1(a)(5).   This has caused the credit reporting agencies to have different 7 year dates of obsolescence for the same account.   Thus, the inaccurate reporting by **NCO** will cause the account to be on the credit for longer than 7 years in violation of §1681c(a)(4).

16.   Upon Information and belief, Defendant's **MCM** and **NCO** were contacted by the credit reporting agencies in response to the dispute letters sent by the Plaintiff.

## **COUNT ONE**

# **VIOLATIONS OF THE FDCPA – 15 U.S.C. §1692 et seq. AGAINST MCM**

17.   Plaintiff incorporates Paragraphs 1-16.

18.    Upon information and belief the foregoing acts and omissions of **MCM** as further described within this Complaint constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

19.    Upon information and belief, **MCM** has specifically violated 15 U.S.C. §1692e(8) by failing to communicate that the disputed debt is disputed for account number 8521866937.   This has serious implications such as lowering the Plaintiff's credit score by failure to report the item as disputed.

20.    As a result of these various violations of the FDCPA by **MCM**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from **MCM**.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that a judgment be entered against **MCM** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

6

## COUNT TWO

## VIOLATIONS OF THE FDCPA – 15 U.S.C. §1692 et seq. AGAINST MCM

21.    Plaintiff incorporates Paragraphs 1-16.

22.    Upon information and belief the foregoing acts and omissions of **MCM** as further described within this Complaint constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

23.    Upon information and belief, **MCM** has specifically violated 15 U.S.C. §1692e(8) by failing to communicate that the disputed debt is disputed for account number 8522137192.   This has serious implications such as lowering the Plaintiff's credit score by failure to report the item as disputed.

24.    As a result of these various violations of the FDCPA by **MCM**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from **MCM**.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that a judgment be entered against **MCM** for an award of actual damages pursuant to 15

U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## **COUNT THREE**

## **VIOLATIONS OF THE FDCPA – 15 U.S.C. §1692 et seq. AGAINST NCO**

25.    Plaintiff incorporates Paragraphs 1-16.

26.    Upon information and belief the foregoing acts and omissions of **NCO** as further described within this Complaint constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

27.    Upon information and belief, **NCO** has specifically violated 15 U.S.C. §1692e(8) by failing to communicate that the disputed debt is disputed for account number 211922.    This has serious implications such as lowering the Plaintiff's credit score by failure to report the item as disputed.

28.    As a result of these various violations of the FDCPA by **NCO**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from **NCO**.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that a judgment be entered against **NCO** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## **COUNT FOUR**

## **VIOLATIONS OF THE FCRA – 15 U.S.C. §1681s-2(b)**

### **AGAINST NCO**

29.   Plaintiff incorporates Paragraphs 1-16.

30.   Upon information and belief (including but not limited to verification and responses to dispute letters from the individual credit reporting agencies), Defendant **NCO** was contacted by the credit reporting agencies to which it was reporting the information in question and requested to update the account information as requested by the Plaintiff.

9

31. At all times pertinent hereto, Defendant **NCO** was a "person" as that term is defined by 15 U.S.C. §1681a(b) and a "furnisher of information" to the credit reporting agencies.

32. The Defendant **NCO** individually violated 15 U.S.C. §1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act. Throughout the entire course of its actions, **NCO** willfully and/or negligently violated these provisions of the FCRA in the following manner:

- a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

- b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

- c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

- d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

- e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

10

f.  By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

g.  By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

33.  Specifically, upon information and belief, Defendant **NCO** has failed to include the date and month of Plaintiff's alleged delinquency that immediately preceded the collection activity and thus no proper 7 year period can be known. On Plaintiff's Experian credit report, the Defendant **NCO** account is scheduled to remain on Plaintiff's report until May 2010 (see attached Exhibit A). However, on Plaintiff's Trans Union credit report, the Defendant **NCO** account is scheduled to remain on Plaintiff's report until July 2010 (see attached Exhibit E).

34.  As a result of this individual conduct, action and inaction of Defendant **NCO**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowered credit rating, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

11

35.   The individual conduct, action and inaction of Defendant **NCO** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

36.   In the alternative, the individual conduct, action and inaction was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

37.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the individual Defendant **NCO** in an amount to be determined by the Court pursuant to §1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the individual defendant **NCO** for:

   a.   Actual Damages pursuant to §1681n(a)(1)(A) and §1681o(a)(1);

   b.   Statutory damages up to $1000.00 pursuant to §1681n(a)(1)(B);

   c.   Attorney's fees, litigation expenses and costs of suit pursuant to §1681n(a)(3) and §16810(a)(2); and

   d.   For such other and further relief as the Court may deems just, equitable, and proper.

Additionally, the Plaintiff prays that the Defendant **NCO** immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information.

## **JURY TRIAL DEMAND**

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 12th day of June, 2008.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC.**
**20423 State Road 7**
**Suite F6-477**
**Boca Raton, FL 33498**
**Tel: 954-334-7670**
**Fax: 954-334-7668**

**Filed by: Paul A. Herman, Esq**
**FL Bar #405175**
**Joel A. Brown**
**FL Bar 066575**
**Attorneys for Plaintiff**

13

# EXHIBIT A

**Experian**

A world of insight

**Prepared for**
FREDERICK E FOXWORTH

**Report number**
0705250148

www.experian.com
Call 800 509 8495

**Page 1 of 14**

SEP **2 1** 2007

**Dear FREDERICK E FOXWORTH,**

To assist you in understanding your correction summary, we have
provided additional information that relates directly to items on your
personal credit report.

FRST NATIONAL BANK/CREDI
4239801/00209 .......
PLEASE CONTACT CREDIT GRANTOR AT -6057823459.

Il..II...IIII.II..II.II.I.I...IIII.I...IIIIII.I.I.I.I.I.II.I.II.I.I
**◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆MIXED AADC 683**
**0017899  2 MB 0.485 L 629**
**FREDERICK E FOXWORTH**
**16509 SW 54TH CT**
**HOLLYWOOD FL 33027-5604**
I.II...II.II....II.III...I.II.II...I...I..II.III...I...III

FRST NTNL BNK/SAVE CREDI
5433601/10041.....
PLEASE CONTACT CREDIT GRANTOR AT -6057823461-.

By federal law, your personal credit report must list all organizations that have
requested your credit history. According to the Fair Credit Reporting Act, credit
grantors with a permissible purpose may inquire about credit information.
Requests for your credit history remain on the personal credit report for at least
two years.

By federal law, your personal credit report must list all who have requested your
information. According to the Fair Credit Reporting Act, businesses with a
permissible purpose may review your information. Some examples are: your
current creditors to monitor your accounts; other creditors who want to offer
you preapproved credit; an employer who wishes to extend an offer of
employment; and a potential investor assessing the risk of a current credit
obligation. We report these requests as a record of activities only to you, and we
do not include them on credit reports to others. They remain on the personal
credit report for at least two years.

Potentially negative information is removed seven years from the initial missed
payment that led to the delinquency. Missed payments and most public record
items remain on the personal credit report for seven years, except Chapters 7,
11 and 12 bankruptcies, which remain for 10 years, and unpaid tax liens, which
remain for up to 15 years (up to 10 years for California residents). A paid tax lien
will remain for seven years from the paid date.

A national consumer credit reporting company stores information from credit
grantors and public records, including bankruptcies, judgments and liens.
Potentially negative information, such as missed payments and most public record
items remain on the personal credit report for up to seven years from the date of
the original missed payment, with the exception of Chapters 7, 11 and 12
bankruptcies, which remain for up to 10 years, and unpaid tax liens, which
remain for up to 15 years (up to 10 years for California residents). A paid tax lien


∴∴∴ Experian™
A world of insight

**Prepared for**
FREDERICK E FOXWORTH

**Report number**
0705250148

**Report date**
September 09, 2007

www.experian.com/disputes
Call 800 509 8495

**Page 7 of 14**

## Potentially negative items or items for further review continued

**NCO FIN 39**
507 PRUDENTIAL RD
HORSHAM PA 19044
No phone number available
*Partial account number*
2...

| Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance |
|---|---|---|---|---|---|
| Nov 2006 | Jun 2007 | Installment | Individual | $4,017 | $4,017 as of Jun 2007 |
| *Reported since* | *Last reported* | *Terms* | | *High balance* | |
| Jun 2007 | Jun 2007 | 1 Months | | NA | Jun 2007 |
| | | *Monthly payment* | | | |
| | | NA | | | |

Status: Collection account. $4,017 past due as of Jun 2007.
Account history:
Collection as of Jun 2007
This account is scheduled to continue on record until May 2010.

# EXHIBIT B

# The Fair Credit Law Group, P.A.

### Attorneys Dedicated to Protecting Consumer's Rights

20423 State Road 7
Suite F6-477
Boca Raton, FL 33498-6747
561-236-8851
Fax: 561-451-3461

August 9, 2007

Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA 92123

**RE:**    **Frederick Foxworth**
**Account #:**    **8521866937;**
            **8522137192**

To Whom It May Concern:

We represent Mr. Foxworth with regard to your potential inaccurate reporting of the specified accounts to the credit reporting agencies. Our office focuses in Fair Credit Reporting Act and FDCPA litigation.

Please provide the following information:
1. Evidence of proof of the alleged late payments, including specifically the alleged contract, a copy of Mr. Foxworth's complete and detailed payment history, documented dates of each payment, and any instruments bearing our client's signature.
2. The particular products or services sold by the creditor and the dollar amount for each.

Please return this information within 30 days. This claim cannot be considered valid unless all the information is provided as requested. Your company's actions have already caused injury to my client subjecting you to monetary and punitive damages under the FCRA.

Unless this information is validated as requested above, please immediately notify all Credit Reporting Agencies to whom you reported this information that this account shall be removed. If this is not done within 30 days we will consider pursuing all legal remedies under the FDCPA and the FCRA.

Sincerely,

Fair Credit Law Group

JAB/mr

Joel Brown, Esq.

# EXHIBIT C

# The Fair Credit Law Group, P.A.

**Attorneys Dedicated to Protecting Consumer's Rights**

20423 State Road 7
Suite F6-477
Boca Raton, FL 33498-6747
561-236-8851
Fax: 561-451-3461

August 9, 2007

NCO Financial
507 Prudential Rd.
Horsham, PA 19044

**RE:**     **Frederick Foxworth**
**Account #:**    **13452079;**
          **211922**

To Whom It May Concern:

      We represent Mr. Foxworth with regard to your potential inaccurate reporting of the specified accounts to the credit reporting agencies. Our office focuses in Fair Credit Reporting Act and FDCPA litigation.

      Please provide the following information:
1.     Evidence of proof of the alleged late payments, including specifically the alleged contract, a copy of Mr. Foxworth's complete and detailed payment history, documented dates of each payment, and any instruments bearing our client's signature.
2.     The particular products or services sold by the creditor and the dollar amount for each.

      Please return this information within 30 days. This claim cannot be considered valid unless all the information is provided as requested. Your company's actions have already caused injury to my client subjecting you to monetary and punitive damages under the FCRA.

      Unless this information is validated as requested above, please immediately notify all Credit Reporting Agencies to whom you reported this information that this account shall be removed. If this is not done within 30 days we will consider pursuing all legal remedies under the FDCPA and the FCRA.

Sincerely,

Fair Credit Law Group

Joel Brown, Esq.

JAB/mr

# EXHIBIT D



# LAW OFFICES OF FRIEDMAN & BROWN
## STAFF COUNSEL TO FBLEGAL, LLC

JOEL A. BROWN
ROBERT A. FRIEDMAN

3389 SHERIDAN STREET
#166
HOLLYWOOD, FL 33021

August 9, 2007

EXPERIAN
PO Box 9701
ALLEN, TX  75013

RE:    Client       :    Frederick Foxworth
          SS #       :    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
          D.O.B    :    12/15/47

To Whom It May Concern:

      Our law office now represents this above client regarding errors and inaccuracies on their credit report. We are not a credit repair company but a law firm enforcing consumer rights under the FCRA. Pursuant to FCRA 611(a), our client is disputing the following entries and we will expect that you complete the investigation within 30 days and send the updated report to our client at the address below. If these inaccurate items are not verified within 30 days, we demand that they immediately be deleted from the credit report or we may need to file a complaint with the Federal Trade Commission and pursue all available legal remedies. If you claim that late payments are verified, we hereby demand strict proof of every alleged late payment. Additionally, please refrain from any contact with our client other than mailing updated reports. Any letters you send to our client that attempt to discredit our services or our firm will be seen as intentional interference with a represented client and appropriate legal actions will be undertaken.

      Also, any attempts to stall the investigation such as not disputing because we are a third party will result in an action under the FCRA for willful noncompliance with the act per FCRA 616. The FCRA imposes no such limitation on consumers and we are now considering a class action for this continued violation and stall tactic which clearly hurts the consumer.

      This letter is our first attempt to resolve the issues without litigation but the failure to delete the items if not verified appropriately WILL result in a Federal lawsuit. Our experience shows that the credit bureaus are routinely violating the FCRA. Consider this the first and last attempt before litigation follows. We are hopeful that this can be resolved without further action.

**NCO FIN/99**

1345....

**Reason for Dispute:** This collection account violates FCRA Section 623(a)(5) as it fails to include the month and year of the commencement of the delinquency that immediately preceded the collection activity and thus no proper 7 year period can be known. Thus the reporting is incomplete. No closing date of account is listed and this is incomplete and prejudicial. There are no exact dates are listed to verify the information and therefore it is inaccurate and incomplete. The payment history is incomplete and prejudicial as it fails to include all information regarding on time payments. Please verify the information is reporting correctly or remove it from the report.

# EXHIBIT E

\*\*\*158386377-047 \*\*\*
P.O. Box 2000
Chester, PA 19022

OCT 0 1 2007

09/18/2007   Trans**Union**.

POD3Z000202316-I028243
FREDERICK E. FOXWORTH
16509 SW 54TH CT
HOLLYWOOD, FL 33027

Our investigation of the dispute you submitted is now complete. The results are listed below and a new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| INTERSTATE CR & COLL INC | # 5020660000491412 | DELETED |
| CREDIT ONE BANK | # 4071930420373650 | VERIFIED, NO CHANGE |
| FIRST SAVINGS CREDT CARD | # 5433601100410704 | NEW INFORMATION BELOW |
| FIRST NATIONAL CRED CARD | # 4239801002097885 | NEW INFORMATION BELOW |
| CREDIT ONE BANK | # 4731900424786241 | VERIFIED, NO CHANGE |
| PRIMUS FINANCIAL SERVICE | # 22330176 | VERIFIED, NO CHANGE |

Any corrections to your identification requested by you have been made, and are included in the following credit report.

**NCO FINANCIAL SYSTEMS IN** #211922
POB 41726
PHILADELPHIA, PA 19101
(800) 275-0756

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ›PLACED FOR COLLECTION‹
Date placed for collection: 11/2006
Estimated date that this item will be removed: 07/2010

| | |
|---|---|
| Balance: | $4,017 |
| Date Updated: | 06/2007 |
| Original Amount: | $4,017 |
| Original Creditor: | MED1  02 MEDICAL COLLEGE OF  PA HOSPIT |
| Past Due: | ›$4,017‹ |

| | |
|---|---|
| Pay Status: | ›COLLECTION ACCOUNT‹ |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
FREDERICK FOXWORTH

**DEFENDANTS**
MIDLAND CREDIT MANAGEMENT; NCO FINANCIAL SYSTEMS

**(b)** County of Residence of First Listed Plaintiff   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
FAIR CREDIT LAW GROUP (PAUL A HERMAN, JOEL A BROWN) 3389 SHERIDAN ST, #245, HOLLYWOOD, FL 33021

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CV 60932 - Hurley-Hopkins

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

*PERSONAL INJURY*
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
*Habeas Corpus:*
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page)

a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

15 USC 1681 et seq (FCRA); 15 USC 1692 et seq (FDCPA)

LENGTH OF TRIAL via _TWO_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____

DATE  6/12/08

**FOR OFFICE USE ONLY**

AMOUNT   350 00   RECEIPT # _____   IFP _____

543447